**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **BRADLEY MANDELA HOUSTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:23-CV-438 (MTT)** |
| ) | |
| **Captain TAVARES KING,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

On February 11, 2026, United States Magistrate Judge Amelia G. Helmick recommended granting the defendants' motion to dismiss for failure to exhaust and dismissing pro se Plaintiff Bradley Mandela Houston's complaint. ECF 59. Having received no objection, the Court entered an Order adopting the Recommendation on March 20, 2026. ECF 60. Judgment was entered on March 23, 2026. ECF 61. On March 23, 2026, the Court received Houston's objection, which is dated March 5, 2026. ECF 64; 64-1 at 1. Because Houston timely filed his objection,[1] the Court **VACATES** its prior Order (ECF 60) and Judgment (ECF 61). Pursuant to 28 U.S.C. § 636(b)(1), the Court now reviews the Magistrate Judge's Recommendation (ECF 59) de novo.[2]

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "Absent evidence to the contrary," courts must "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] On March 23, 2026, the Court also received Houston's motion for extension of time to object. ECF 63. Because Houston's objection is deemed timely, his motion for extension of time to object (ECF 63) is **DENIED as moot**.

In the Recommendation, the Magistrate Judge concluded that Houston failed to properly exhaust his administrative remedies before filing suit because he failed to file his grievance within ten days after the event giving rise to the grievance, and because he did not wait for a response on his appeal before he filed his complaint. ECF 59 at 11. The Magistrate Judge rejected Houston's argument that his grievance was exempt from the ten-day filing requirement because it was an emergency grievance. *Id.* The Magistrate Judge concluded that (1) Houston's grievance was not an emergency grievance because it complained about events that occurred eleven months prior; and (2) even if it was an emergency grievance, the relevant Standard Operating Procedure ("SOP") does not exclude emergency grievances from the ten-day filing requirement. *Id*. at 11-12. Houston makes four objections related to the Magistrate Judge's rejection of his emergency grievance argument.

First, Houston contends that the relevant GDC Standard Operating Procedure ("SOP") does not specify when he must submit an emergency grievance. ECF 62. Second, Houston appears to argue that the Georgia Department of Corrections ("GDC") failed to provide him and other offenders with an official copy of the emergency grievance form. *Id.* Third, Houston argues that, despite his initiation of the emergency grievance procedure, the GDC staff failed to respond to his emergency grievance. *Id.* Fourth, Houston argues that he would have had ten additional days to file a new grievance had the Warden properly rejected his emergency grievance within five days as required by the Standard Operating Procedure. *Id.*

Houston's arguments fail because Houston's grievance was not an emergency grievance as defined by the SOP. Houston's grievance, filed on August 23, 2023,

complained about an attack that occurred eleven months prior on September 30, 2022. ECF 52-5 at 2. The SOP defines an emergency grievance as "[a]n unforeseen combination of circumstances, urgent need, or the resulting state that calls for immediate action or relief through the grievance process. (E.g. a situation involving a significant threat to the health, safety or welfare of an Offender that requires prompt action)." ECF 52-3 at 3. Houston's grievance did not raise an urgent need or a situation that required immediate relief. *See* ECF 52-5. And, even if Houston's grievance could be considered an emergency grievance, the SOP does not exempt emergency grievances from the requirement that grievances must be filed no later than ten days after the inmate knew, or should have known, of the facts giving rise to the complaint.[3] ECF 51-3 at 9.

Moreover, Houston's argument that the Warden failed to reject his emergency grievance within five days as required by the Standard Operating Procedure is immaterial. ECF 62 at 1; 51-3 at 17. Even if the Warden had informed Houston within five days that his grievance did not fit the definition of an emergency grievance, any subsequent grievance would have been filed almost a year after the incident and, thus, would have been rejected as untimely. Accordingly, the Court concludes that Houston failed to exhaust his administrative remedies before filing his complaint.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 59) is **ADOPTED** and made the Order of the Court. The Defendants' motion to dismiss (ECF

---

[3] Houston did not object to the Magistrate Judge's conclusion that the Good Cause exception to the ten-day requirement does not apply. *See* ECF 59 at 10.

-4-

52) is **GRANTED**. Houston's motion for an extension of time to file an objection (ECF

63) is **DENIED as moot**.

     **SO ORDERED**, this 6th day of April, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT